IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES WILLIAM RAY,

                                                                                    OPINION and ORDER

                Petitioner,

                                                                   08-cv-80-bbc

WARDEN RICARDO MARTINEZ,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner Charles William Ray is currently detained at the Federal Correctional Institution in Pekin, Illinois. Among other relief, petitioner seeks reinstatement of good time credit that he lost after he was found guilty of an "unjust code series ML 113 violation" and an "unjust code 305 series violation." He contends that the disciplinary hearings that preceded his loss of good time credit were unjust and discriminatory. In addition, he has requested that counsel be appointed to assist him.

      Petitioner has paid the $5.00 filing fee for his petition. However, his petition contains a number of deficiencies that prevent any consideration on the merits.

      The first immediately apparent flaw is that petitioner names Warden Ricardo Martinez, the former warden at the Federal Correctional Institution in Oxford, Wisconsin,

1

as the respondent. Petitioner was housed at the Federal Correctional Institution in Oxford when his good time credit was revoked. However, at the time he filed this habeas corpus petition, petitioner was no longer housed there; instead, he had been moved to the Federal Correctional Institution in Pekin, Illinois. Because petition is challenging his "custody" the proper respondent in his petition is his current custodian, even if that person was not personally involved in the decision to take away petitioner's good time. Robeldo-Gonzales v. Ashcroft, 342 F.3d 667, 673 (7th Cir. 2003).

Along the same lines, because petitioner is incarcerated in the Central District of Illinois, it is there that he should file his petition. Al-Marri v. Rumsfeld, 360 F.3d 707 (7th Cir. 2004). Although improper venue is a waivable defense, Moore v. Olson, 368 F.3d 757 (7th Cir. 2004), I want to alert petitioner that it may well be that even if he cures the deficiencies in his petition and refiles it in this district, the case will be subject to dismissal or transfer should the warden raise the defense.

Finally, the substance of the petition is deficient as well because it is impossible to tell why petitioner believes that the deprivation of good time is unlawful. Rather than setting forth specific facts relevant to his petition for a writ of habeas corpus, petitioner offers only broad allegations and cites materials submitted in another case he filed to fill in the details. (Shortly before he filed this petition for a writ of habeas corpus, petitioner filed what I understand to be a civil action raising the same claim under Bivens v. Six Unknown Federal

2

Narcotics Agents, 403 U.S. 388 (1971). That case has been assigned case number 08-cv-69-bbc and is currently stayed pending petitioner's submission of an initial partial payment of his filing fee.) For example, petitioner's first ground for relief, out of four, states in its entirety

> Ground One: Unjust Code 199 series MLII3 violation conviction, sanctions and action taken. (Ref. complaint exhibits "F1&2").
>
> Petitioner Ray states that he was not guilty as charged and found guilty by the DHO. Petitioner Ray points to the concurring ruling by National Administrator Harrell Watts, B.O.P. Central Office, Washington, D.C. Administrative Remedy No. 415667-A2 Part B - Response (Reference Complaint Exhibit "K-4.")

The broad and conclusory allegations petitioner makes in his petition are far from adequate to justify issuing an order to any respondent to show cause why the petition should not be granted. Petitions for writs of habeas corpus are subject to heightened pleading requirements: "the habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims." McFarland v. Scott, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in the judgment in part). Petitioner's allegations in this case are so limited that they would fail even the more lenient standard of Fed. R. Civ. P. 8, which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."

Petitioner's civil complaint and the materials attached to it are not part of *this* case and cannot be used to supplement petitioner's skeletal allegations in his petition. Even if

3

I could consider materials filed in another case as a general matter, I could not in this case because petitioner's civil complaint and materials attached to it are not verified as required by 28 U.S.C. § 2242.

ORDER

IT IS ORDERED that petitioner Charles William Ray's petition for a writ of habeas corpus is DISMISSED without prejudice. Therefore, petitioner's motion for appointment of counsel is DENIED as moot. The clerk of court is directed to close the file.

Entered this 4th day of April, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

4